IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICHARD D. MURRAY, SR.,

    Petitioner,

v.                                                         Civil Action No. 3:06CV51
                                                          (JUDGE STAMP)

CLERK RORY L. PERRY,
COMMISSIONER JAMES RUBENSTEIN, AND
WARDEN MARK WILLIAMSON,

    Respondents.

## MEMORANDUM, OPINION AND REPORT AND RECOMMENDATION

This case was initiated on May 26, 2006, by the filing of a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. In the petition, the *pro se* petitioner challenges a conviction and sentence imposed in the Circuit Court of Morgan County, West Virginia. Presently before the Court is the Respondents' Motion to Dismiss for Failure to Exhaust. On July 25, 2006, notice pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), was issued to the Petitioner advising him of his right to file a response to the Respondents' dispositive motion. Petitioner filed his response and memorandum in support on September 27, 2006. Accordingly, this case is before the undersigned for a report and recommendation pursuant to Standing Order No. 2 and LR PL P § 83.13, et seq.

### I. Factual and Procedural Background

**A.**     **Petitioner's Conviction and Sentence**

According to the parties, Petitioner was indicted by the April, 2003 Grand Jury in the Circuit Court of Morgan County, West Virginia, Count I driving under the influence of alcohol, third offense, and Count II driving while revoked for driving under the influence, third offense. The case

proceeded to jury trial on January 15, 2004 and July 14, 2004, where Petitioner was found guilty on all counts. On August 5, 2004, Petitioner received a sentence of one to three years confinement in the state penitentiary on Count I and confinement in the Eastern Regional Jail for one (1) year on Count II, with the sentences to run consecutively, and the misdemeanor sentence to be served first.

**B.     Direct Appeal**

Petitioner appealed his convictions and sentences to the West Virginia Supreme Court of Appeals on February 14, 2005. In his appeal, Petitioner asserted the following nine grounds for relief:

### January 15, 2004, Jury Trial

1. It was prejudicial error for the Court to fail to direct a verdict in favor of the Defendant, at the close of the State's case, at the close of the Defendant's case and at the close of all of the evidence, or in the alternative, the Jury's verdict was contrary to the evidence presented, especially since there was no direct evidence of the Defendant driving the motor vehicle in question.

2. It was prejudicial error for the Court to appoint the Davis Law Firm as substitute counsel for the Defendant, as attorney Greta Davis was formerly employed as an assistant prosecuting attorney for Morgan County, West Virginia, at a time when the Defendant's case was being actively prosecuted.

3. It was prejudicial error to allow into evidence copies of the Defendant's Division of Motor Vehicle Driving Record which were not under seal as the same did not constitute a self-authenticating document under W.V.R.E. 902(1) and was hearsay.

4. The Defendant's right to due process and a fair trial under the Fourteenth Amendment to the United States Constitution and Article III, § 10 of the West Virginia Constitution was violated as he was denied effective assistance of counsel.

5. It was prejudicial error for the Court to bifurcate the Defendant's first trial as he never moved the Court for the same.

6. It was prejudicial error for the Court not to grant the Defendant a new jury trial on the issue of second offense driving revoked or suspended for driving under the influence of alcohol.

### July 14, 2004, Jury Trial

7. It was prejudicial error for the Court to fail to direct a verdict in favor of the Defendant, at the close of the State's case, at the close of the Defendant's case and at the close of all of the evidence, or in the alternative, the Jury's verdict was contrary to the evidence presented, especially since there was no direct evidence of the Defendant driving the motor vehicle in question.

8. It was prejudicial error for the Court to deny Defendant's Motion for Mistrial after the rebuttal testimony of Catherine Hovermale when said witness improperly interjected 404(b) evidence into the trial.

9. The cumulative weight of all of the errors set forth above is sufficient to warrant the granting of a new trial.

Petitioner's appeal was refused June 7, 2005.

C. **State Post-Conviction Proceedings**

  1. **Habeas Corpus Petition**

  In his petition for habeas corpus relief filed in state court, Petitioner raised the following grounds for relief:

  1. Erroneous (false) arrest. (Movement essential element).

  2. Violation of Vagueness Doctrine. (Statute) (Drive not sitting).

  3. Fundamental errors in Grand Jury proceeding. Void Indictment (Movement).

  4. Viol. Right of Presence - Critical Stage.

  5. Viol. Right to Trial by Impartial Jury, Abuse of Discretion.

  6. Suppression of Evidence, Fair Trial, Discovery Violations and Brady.

  7. Ineffective Assistance, The Davis's.

8. Oppressive Pretrial Incarceration, Speedy Appeal, Speedy Sentencing.

9. Failure to Instruct "Both Juries" of "Essential Elements".

10. Transcripts (combined).

11. Ineffective Assistance, Manford.

12. Cruel and Unusual Punishment.

Petitioner claims in his response (See Doc. No. 18, p. 4, par 3, and Ex. 2) that he filed an amended state habeas petition on April 11, 2005, which included additional grounds as follows :

1) ineffective assistance of appellate counsel;

2) states knowing use of perjured testimony;

3) prosecutorial misconduct;

4) falsification of transcript by prosecutor;

5) sentence severer than expected/excessive sentence;

6) double jeopardy related to jail credit;

7) other due process violations;

8) violation of the jury selection process.

However, Ex. 2 to Doc. No. 18 contains the following grounds:

1) Credit for time served;

2) States knowing use of perjured testimony;

3) Prejudicial pre-trial publicity;

4) Mental competency at the time of trial.

Petitioner filed a Motion to Withdraw his state habeas corpus petition. His state habeas corpus petition was dismissed without prejudice October 4, 2005.

2. **Motion to Correct Sentence and Motion for Correction of Sentence**

Petitioner filed a Motion for Correction of Sentence February 1, 2005 and a Motion to Vacate or Correct Sentence December 26, 2005. Apparently, both are still pending in case no. 03-F-32.

**D.** **Petitioner's Federal Habeas**

In this petition, petitioner raises the following grounds for relief:

1. Ineffective assistance of counsel at sentencing.

2. Ineffective assistance of counsel on appeal.

3. He was not present at every stage of the proceedings at the trial court.

**E.** **The Respondent's Motion to Dismiss**

In the motion to dismiss, Respondents argue that Petitioner has failed to exhaust his state remedies.

**F.** **Petitioner's Response**

In his response to the Respondents' motion to dismiss, Petitioner contends that Respondents' claim of failure to exhaust fails because it would be futile for Petitioner to attempt to exhaust his state remedies. Petitioner further contends his double jeopardy and appellate rights claims cannot be presented in state court. Petitioner also contends that the federal courts can consider the double jeopardy issue. Petitioner contends the lower court rulings are contrary to law and that his petition must be granted because there has been a miscarriage of justice. Finally, petitioner contends he has satisfied the "cause requirement" and he will suffer further penalty if his petition is dismissed.

## II. Analysis

A petition for a writ of habeas corpus is not a substitute for pursuing state judicial remedies. See 28 U.S.C. § 2254(b). Absent a valid excuse, a petition for writ of habeas corpus should not be entertained unless the petitioner has first exhausted his state remedies. Castille v. Peoples, 489 U.S. 346, 349, *reh'g denied*, 490 U.S. 1076 (1989). To exhaust state remedies, a habeas petitioner must fairly present the substance of his claim to the state's highest court. Matthews v. Evatt, 105 F.3d 907 (4th Cir.), cert. denied, 522 U.S. 833 (1997). "A claim is fairly presented when the petitioner presented to the state courts the substance of his federal habeas corpus claim. The ground relied upon must be presented face-up and squarely; the federal question must be plainly defined." Id. at 911. "A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by citing in conjunction with the claim the federal source of law on which he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim 'federal.'" Baldwin v. Reese, 541 U.S. 27, 32 (2004); see also Howell v. Mississippi, 543 U.S. 440, 444, 125 S.Ct. 856, 859 (2005).

In West Virginia, the exhaustion of state remedies is accomplished by a petitioner raising the federal issue on direct appeal from his conviction or in a post-conviction state habeas corpus proceeding followed by an appeal to the West Virginia Supreme Court of Appeals. See Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W.Va. 1995); see also Bayerle v. Godwin, 825 F. Supp. 113, 114 (N.D.W.Va. 1993). A federal court may only consider those issues the petitioner presented to the state court,[1] and "[a]n applicant shall not be deemed to have exhausted the remedies available in the

---

[1] Picard v. Connor, 404 U.S. 270 (1971).

courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

In addition, it is Petitioner's burden to demonstrate that he has exhausted his state judicial remedies. Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998). "The exhaustion requirement is not satisfied if the petitioner presents new legal theories or factual claims for the first time in his federal habeas petition." Id. "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution  If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court." Duncan v. Henry, 513 U.S. 364, 365 (1995). Further, in addition to providing the state court with the facts supporting the claimed constitutional violation, the petitioner must also "explain how those alleged events establish a violation of his constitutional rights." Mallory v. Smith, 27 F. 3d 991, 994 (4th Cir. 1994).

Here, Petitioner filed a direct appeal and one state petition for writ of habeas corpus. The undersigned makes the following findings with regard to each of Petitioner's individual claims:[2]

All of the issues raised in Petitioner's direct appeal to the West Virginia Supreme Court of Appeals have been exhausted.

None of the issues raised in the state habeas proceeding has been exhausted because there was no determination on the merits.

---

[2] The undersigned would add a caveat at this point. All of Petitioner's filings in this case, both in state and federal court, are voluminous and at times confusing. It is possible that some of the claims raised either in Petitioner's state or federal courts proceedings have been inadvertently overlooked or incorrectly assessed.

Only one of the issues in this federal habeas petition, ineffective assistance of trial counsel, has been exhausted. That issue was the fourth issue on direct appeal. The remaining two issues in this federal habeas petition have not been exhausted.

Accordingly, based on this assessment of Petitioner's claims, it appears that the instant petition is a "mixed petition."

In <u>Rose v. Lundy</u>, 455 U.S. 509(1982), the Court held that a federal district court may not adjudicate mixed petitions and imposed a requirement of total exhaustion, implemented by dismissing mixed petitions without prejudice and allowing petitioners to return to state court to litigate the unexhausted claims.

**Stay and Abeyance**

At the time the Supreme Court issued its decision in <u>Rose v. Lundy</u>, <u>supra</u>, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA")[3] had not been enacted, and there was no statute of limitations on federal habeas corpus petitions. Therefore, dismissal without prejudice did not preclude a petitioner from returning to federal court once his claims were exhausted in state court proceedings. However, "[a]s the result of the interplay between AEDPA's 1-year statute of limitations and <u>Lundy's</u> dismissal requirement, petitioners who come to federal court with 'mixed' petitions, run the risk of forever losing their opportunity for any federal review of their unexhausted claims." <u>Rhines v. Weber</u>, 544 U.S. 269, 275 (2005). Accordingly, the Supreme Court has held that a federal district court may, under some circumstances, stay, rather than dismiss without prejudice, a federal habeas petition containing both exhausted and unexhausted claims.

---

[3] Pursuant to AEDPA, a one-year limitation period within which to file a federal habeas corpus motion was established.

However, in Rhines, the Supreme Court noted that a stay and abeyance procedure, "if employed too frequently, has the potential to undermine [the] twin purposes" of the AEDPA.[4] Rhines 544 U.S. at 277. Therefore, the Supreme Court found that stay and abeyance procedures are only available in limited circumstances.[5] Id.

Under AEDPA, Petitioner would have one-year from the date on which his conviction became final to timely file a petition for writ of habeas corpus in federal court. 28 U.S.C. §2244(d)(1). In this case, Petitioner's direct appeal was denied on June 7, 2005. Because Petitioner did not file a writ of petition for certiorari with the United States Supreme Court, his conviction and sentence became final when the time for doing so expired, or September 5, 2005. See Hill v. Braxton, 277 F. 3d 701, 704 (4th Cir. 2002). In addition, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. §2244(d)(2). Petitioner filed his state habeas petition on January 14, 2005. At that time, 131 days of the one-year limitation had expired. The one-year statute of limitations period was then tolled during the pendency of Petitioner's state habeas proceeding. Petitioner's state habeas was dismissed without prejudice on December 6, 2005. Petitioner's federal habeas was filed May 26, 2006. The federal habeas petition under 28 U.S.C. § 2254 did not toll the statute of limitations. Duncan v. Walker, 533 U.S. 167 (2001). The statute of limitations has now expired. There is no indication petitioner engaged in intentionally dilatory tactics. If this petition

---

[4] The twin purposes of AEPDA are to reduce delays in the execution of state and federal criminal sentences and to encourage petitioners to seek relief in state court in the first instance.

[5] Those circumstances include instances in which the petitioner has shown good cause for his failure to exhaust, that his unexhausted claims are potentially meritorious, and where there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.

9

were dismissed without prejudice, petitioner's claim would be forever barred. Accordingly, <u>Rhines</u> is applicable and Petitioner is entitled to a stay of this proceeding until he has exhausted his state remedies, if he pursues the state remedies diligently.

### III.  Recommendation

For the reasons set forth in this Opinion, it is recommended that the respondent's Motion to Dismiss (dckt. 10) be DENIED and Petitioner's § 2254 petition be stayed so he may pursue his state remedies diligently.

### IV.  Other Pending Motions

1. Motion for Leave to Amend Requested Relief (Doc. No. 19).

2. Motion for Leave to Amend Original Petition. (Doc. No. 20).

Petitioner seeks to amend his Petition to add additional requests for relief and to add additional allegations. Fed. R. Civ. P. 15(a) provides that leave for amendment be freely given when justice requires.

Motions **GRANTED**.

3. Emergency Motion for Restoration of Constitutional Right of Access to Courts and Return of Seized Legal Property (Doc. No. 23).

4. Amendment to Petitioner's Motion Regarding His Constitutional Right of Access to the Courts (Doc. No. 22).

Petitioner claims that when he was transferred from Huttonsville to St. Mary's five computer diskettes containing information related to his federal habeas action were confiscated. Further, Petitioner claims his legal papers were confiscated upon arriving at St. Mary's.

The subject matter of these motions is not appropriate for an action under 2l8 U.S.C. § 2254 which is limited to habeas corpus petitioners in state custody alleging their custody is in violation of the Constitution, laws or treaties of the United States.

Motions **DENIED**.

Within ten (10) days after being served with a copy of this report and recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* Petitioner and any counsel of record.

DATED: February 22, 2007

/s/ James E. Seibert  
JAMES E. SEIBERT  
UNITED STATES MAGISTRATE JUDGE